


UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT JAY JOHNSON,<br><br>        Plaintiff,<br><br>   v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>        Defendant. | CASE NO. C15-5818 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO BIFURCATE AND STAY DISCOVERY |

This matter comes before the Court on Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") motion to bifurcate and stay discovery in part (Dkt. 10). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On October 12, 2015, Plaintiff Robert Jay Johnson filed a complaint against State Farm in Clark County Superior Court for the State of Washington.  Dkt. 1-2.  Johnson asserts causes of action for breach of an insurance contract and extra-contractual bad faith and Washington Insurance Fair Conduct ("IFCA") claims.  Dkt. 1-2

On November 12, 2015, State Farm removed the matter to this Court. Dkt. 1.

On January 4, 2016, State Farm filed the instant motion requesting bifurcation of the contractual claim from the extra-contractual claims. Dkt. 10. On January 19, 2016, Johnson responded. Dkt. 12. On January 22, 2016, State Farm replied. Dkt. 14.

## II. DISCUSSION

For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. Fed. R. Civ. P. 42(b). Only one of these criteria need be met to justify bifurcation. *MCI Communications Corp. v. American Telephone & Telegraph Co.*, 708 F.2d 1081, 1166 (7th Cir.), *cert. denied*, 464 U.S. 891 (1983). A decision ordering bifurcation is dependent on the facts and circumstances of each case. *Idzojtic v. Pennsylvania Rr. Co.*, 456 F.2d 1228 (3rd Cir. 1972).

Bifurcation is within the discretion of the trial court, and it is undisputed that, nationwide as well as locally, trial courts are split on the issue of bifurcating contractual insurance claims from extra-contractual claims. *Compare*, *e.g.*, *Dees v. Allstate Ins. Co.*, No. C12-0483JLR, 2012 WL 3877708 (W.D. Wash. Sept. 6, 2012) (denying bifurcation) *with DeVore v. Allstate Prop. & Cas. Ins. Co.*, No. C14-5706 BHS (W.D. Wash. Dec. 22, 2014) (granting bifurcation). Similar to *DeVore*, Johnson asserts first-party insurance claims that run the risk of prejudicing State Farm if they are tried with the bad faith and IFCA claims. Therefore, the Court grants the motion to bifurcate.

With regard to staying discovery, the Court has ruled both ways on the issue. *Compare*, *e.g.*, *DeVore*, No. C14-5706 BHS (W.D. Wash. Dec. 22, 2014) (granting stay)

ORDER - 2

*with McCoy v. Liberty Mut. Fire Ins. Co.*, No. C09-5464BHS, 2009 WL 5215760 (W.D. Wash. Dec. 29, 2009) (denying stay).  However, in between these orders, the Washington Supreme Court issued its decision in *Cedell v. Farmers Ins. Co. of Washington*, 176 Wn. 2d 686 (2013), and, as a result, plaintiffs alleging bad faith are entitled to discovery of confidential and sometimes privileged material.  In light of that decision, State Farm has a stronger case that it will be prejudiced if the Court allows discovery on all the claims at the same time.  Johnson's argument that things are done differently in Nevada does not overcome the prejudice to State Farm in Washington.  Dkt. 12 at 11–12.  Therefore, the Court concludes that a stay of discovery is appropriate.

### III. ORDER

Therefore, it is hereby **ORDERED** that State Farm's motion to bifurcate and stay discovery in part is **GRANTED**.

Dated this 10th day of February, 2016.

BENJAMIN H. SETTLE
United States District Judge